**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KAREN WARE**                                                                **PLAINTIFF**

**V.**                           **NO: 4:04CV01014**

**LITTLE ROCK SCHOOL DISTRICT**                         **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's motion for summary judgment. (Docket # 10). Plaintiff has responded and Defendant has filed a reply. For the reasons set forth herein, Defendant's motion is granted in part and denied in part.

<u>Facts</u>

Karen Ware began her employment in the Little Rock School District as a music teacher at Baseline Elementary School in August 1987. In August 1991, Ware transferred to Rockefeller Elementary where she also worked as a music teacher. Ware transferred schools again in August 1998, when she began working at Franklin Elementary. As a music teacher, Ware worked on a 9.25 month contract.

Ethel Dunbar became principal at Franklin Elementary on August 9, 1995. Dunbar promoted Ware to the position of Theme Specialist. On or about July 19, 2000, Reba Fay Reynolds, who was then the assistant principal at Franklin Elementary, requested and was granted a transfer from Franklin to the same position at Gibbs Elementary School. Dunbar recommended Ware to fill the assistant principal position left vacant by Reynolds in March 2000 and again in June 2000. In making the recommendation, Dunbar admittedly went "against the grain" of a former practice within the District's elementary schools, whereby if the principal was one race, the assistant principal was a different race. That practice's goal was to ensure that the

administrative staffs at the District's elementary schools were racially diverse. Both Ware and Dunbar are African-American.

Ware did not receive the assistant principal position, Karen Carter a white female was hired. Carter was the former assistant principal at Fulbright Elementary whose position was eliminated after Fulbright's enrollment decreased. The Franklin assistant principal position was eliminated the following school year, 2001-2002, because of a decrease in student enrollment at Franklin. Ware filed an EEOC Charge in October 2000 alleging that she was discriminated against on the basis of her race when Carter was chosen to fill the Franklin assistant principal position. Ware received a notice of rights from the EEOC for her October 2000 charge on July 26, 2001.

While her EEOC charge was pending, Dunbar again recommended Ware for promotion on July 11, 2001, this time to a position as Curriculum Specialist. On August 2, 2001, the Curriculum Specialist promotion was approved by Francis Cawthon-Jones, who was then the Assistant Superintendent for Elementary Education and Dunbar's supervisor. The promotion increased Ware's contract from a 9.25 month contract to a 10.5 month contract.

Ware filed suit against the District on February 22, 2002, alleging race discrimination. The parties settled that lawsuit and it was dismissed on January 23, 2003.

On April 3, 2003, Dunbar requested to eliminate the curriculum specialist position at Franklin and replace it with an accountability specialist position. Dunbar's recommendation was approved and Ware was so notified on April 24, 2003. The accountability specialist position was posted throughout the District on May 13, 2003. Ware did not submit a formal application or resume for the accountability specialist job to either Ms. Dunbar or the District's human

resources department. Ware claims that as a displaced employee, she was not required to submit an application for any position for which she was qualified.  She argues that she was supposed to have been allowed to choose any position on the list of open positions. The accountability specialist position was on the list, but when she was given the opportunity to choose a position, she was told by Beverley Williams, Human Resources Director, and Francis Cawthon-Jones, Elementary Assistant Superintendent, that she could not select that position.

Ware was transferred to Chicot Elementary where she began work as a music teacher in August 2003. She asserts that she was transferred in retaliation for having disrupted the district's racially discriminatory policies. Ware claims that the involuntary transfer policy would have allowed her to choose to stay at Franklin in the accountability specialist position. Additionally, she claims that the "new" job of accountability specialist was essentially the same as the curriculum specialist position she held.  But, she was forced to take the demotion to the music teacher position or be dismissed from the district.  Ethel Dunbar selected Dorothy Phillips to fill the accountability specialist job. Although it originated as a 10.5 month contract, the accountability specialist is now a 9.25 month contract.

Ware claims that Ethel Dunbar retaliated against her for her opposition to unlawful employment practices by seeking to have her position eliminated on the pretext of creating a different position at Franklin Elementary, for which plaintiff was forbidden to apply. Ware filed suit on September 23, 2004 alleging violations of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§1981 and 1983 and the Arkansas Civil Rights Act. Ware's complaint sets forth claims of retaliation  for her demotion in 2003 to music teacher and for multiple refusals by the District to promote her to assistant principal or other administrative positions.  Defendant

contends that summary judgment is proper at this time. In response to Defendant's motion for summary judgment, Ware concedes that she cannot present evidence to overcome the proffered legitimate reasons submitted by the Defendant for not promoting her.  Accordingly, Defendant's motion for summary judgment is granted with regard to Plaintiff's promotion claims.  Ware argues that genuine issues of material fact preclude the entry of summary judgment on her demotion, retaliation claim.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which

> bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The Plaintiff's Title VII disparate treatment claims, §1981 claims and Arkansas Civil Rights Act claims are analyzed in the same manner. *Davis v. KARK-TV, Inc.*, 421 F.3d 699 (8th Cir. 2005). The *McDonnell Douglas* burden shifting analysis governs the order and allocation of proof. To establish a prima facie case of retaliation, the plaintiff must show: a statutorily protected activity; an adverse employment action; and a causal connection between the two. Once the prima facie case is made, the defendant must articulate a legitimate, nondiscriminatory reason for its actions. The burden then shifts to the plaintiff to establish that the alleged legitimate, nondiscriminatory reason for the demotion was a pretext. *See, Kratzer v. Rockwell Collins, Inc.* 398 F.3d 1040, 1048 (8th Cir, 2005).

Defendant concedes that Plaintiff satisfies the first two elements of her prima facie case. Plaintiff contends that her suspension on January 24, 2003, the elimination of the curriculum specialist position and her demotion to a teaching position were in retaliation for her challenging the District's unlawful employment practices. Plaintiff has presented evidence that on January 24, 2003, as the settlement agreement for her previous lawsuit against the District was being

circulated for review by the parties, Dunbar suspended Plaintiff for alleged tardiness. Further, after the settlement was finalized, the parties continued to negotiate through counsel for a remedy for the alleged retaliatory actions by Dunbar. After these negotiations broke off, on April 3, 2003, Dunbar initiated the "Position Elimination Form" and "Position Creation Form" which were approved by Francis Jones on April 10, 2003. These facts in addition to the temporal nexus between the actions of Dunbar, the resolution of Plaintiff's prior suit and continued allegations of retaliation are sufficient to create a question of fact which would preclude the entry of summary judgment. Further, Plaintiff presents evidence that Dunbar by-passed the Campus Leadership Team when she unilaterally sought to eliminate Plaintiff's position; the job title and description was unheard of in the Little Rock School District; Dunbar did not require the person who filled the position meet the qualifications; in the past Dunbar had made changes to Plaintiff's position which Plaintiff was able to perform, now Dunbar would not consider Plaintiff for the position; and, the job description for the accountability specialist was a reworded curriculum specialist job description.

The Court finds that Plaintiff has presented sufficient evidence to preclude the entry of summary judgment on her retaliatory demotion claim. Accordingly, Defendant's motion for summary judgment is granted with regard to Plaintiff's failure to promote claims and denied as to Plaintiff's retaliatory demotion claim.

IT IS SO ORDERED this 21st day of March, 2006.

James M. Moody
United States District Judge