IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN WARE                                                                    PLAINTIFF

V.                                     NO: 4:04CV01014

LITTLE ROCK SCHOOL DISTRICT                                  DEFENDANT

## ORDER

Plaintiff has filed applications for attorney's fees and costs (Docket # 47 and 51) to which Defendant has responded. After consideration of the application and briefs, the Court will award attorney's fees and costs in the amount of $29,830.00.

Plaintiff filed this lawsuit against the Defendant alleging retaliation for filing a previous discrimination lawsuit, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §1981 and the Arkansas Civil Rights Act. Plaintiff's promotion claims were dismissed on motion for summary judgment. The claim for retaliation was submitted to the Court. The Court found in favor of Plaintiff and awarded $8,148.28 in back pay and $2,000.00 for mental anguish.

Plaintiff asks for attorney's fees of $37,340.00 and costs of $230.00. The billing records that accompany Plaintiff's application reflect total time of 186.70 hours spent on the case by Mr. Mark Burnette at an hourly rate of $200.00.

Defendant objects to the Plaintiff's fee request arguing that the hourly rate is excessive; the fees should be reduced to reflect the partial nature of her success at trial; and the lack of complexity of the issues.

In discussing the reasonableness of an attorney's fee award, the United States Supreme Court has stated that a reasonable attorney's fee is properly calculated by multiplying the number

of hours "reasonable expended" on the litigation by a reasonable hourly rate, thereby arriving at the "lodestar".  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In making the lodestar determination, the Court also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)):

(1) time and labor required;
(2) novelty and difficulty of the questions;
(3) skill requisite to perform the legal service properly;
(4) preclusion of other employment, due to acceptance of case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client;
(12) awards in similar cases.

*Hensley,* 461 U.S. at 434.  In certain cases, the Court may further consider these twelve factors in determining whether to adjust the lodestar upward or downward to arrive at an appropriate fee.  *Id.*

After considering the *Hensley* factors and the circumstances of this case, the Court finds it reasonable to award Plaintiff for 160 hours at an hourly rate of $185.

In light of the circumstances of this case, the award of fees seems adequate and is not intended as any criticism of the amount or quality of the efforts of Plaintiff's counsel.  Plaintiff's request for the costs is granted in full.

IT IS SO ORDERED this 3rd day of August, 2007.

_____
James M. Moody
United States District Judge